UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRANK LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAWRANKSEO.COM,<br><br>　　　　　Defendant. | Case No. 21-cv-04515-HSG<br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE AND FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**<br><br>Re: Dkt. No. 13 |

Pending before the Court is Plaintiff LawRank LLC's motion for alternative service and for leave to take early discovery. Dkt. No. 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

**I.  BACKGROUND**

Plaintiff filed this action on June 11, 2021, against Defendant LawRankSEO.com. Dkt. No. 1 ("Compl."). Plaintiff is a legal marketing agency that offers digital marketing for law firms at the website and domain name LawRank.com. *See id.* at ¶¶ 7–9. Plaintiffs allege that Defendant also offers digital marketing services for law firms, using the domain name LawRankSEO.com. *See id.* at ¶¶ 13–14. Plaintiffs bring causes of action against Defendant for cybersquatting, trademark infringement, unfair competition, and false advertisement. *See id.* at ¶¶ 19–44. To date, however, Plaintiff has not been able to serve Defendant. Plaintiff therefore requests an order from the Court permitting (1) service by email; and (2) early discovery to obtain information about Defendant's identity from its webhost and domain name provider. Dkt. No. 13.

**II.  LEGAL STANDARD**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural

1   requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*,
2   484 U.S. 97, 104 (1987).  Under Federal Rule of Civil Procedure 4, individuals and corporations
3   may be served in a manner that follows "state law for serving a summons in an action brought in
4   courts of general jurisdiction in the state where the district court is located or where service is
5   made." *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A).  Rule 4 is intended "to provide maximum freedom
6   and flexibility in the procedures for giving all defendants . . . notice of commencement of the
7   action and to eliminate unnecessary technicality in connection with service of process." *See Elec.*
8   *Specialty Co. v. Rd. & Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (quotation omitted).

As this Court is located in California, it may authorize service of process in conformity with California law.  California Code of Civil Procedure § 413.30 provides for alternative service "in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court."  Cal. Civ. Proc. Code § 413.30.  Section 413.30 thus comports with due process, which similarly requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

### III.  DISCUSSION

#### A.  Alternative Service

As an initial matter, Plaintiff seeks an order from the Court allowing it to serve Defendant via email. *See* Dkt. No. 13 at 4–5.  Plaintiff identified an email address, info@lawrankseo.com, from Defendant's website at LawRankSEO.com. Dkt. No. 13-1 at ¶¶ 2, 4–5.  And Plaintiff identified another email address, sami649@gmail.com, from the domain name registration for LawRankSEO.com. *Id.*

The Ninth Circuit has expressed some concern with the limitations of electronic service, noting that "[i]n most instances, there is no way to confirm receipt of an email message." *Rio Properties*, 284 F.3d at 1018.  Nevertheless, the Ninth Circuit ultimately leaves the decision "to the discretion of the district court to balance the limitations of email services against its benefits in

any particular case." *Id.* Under the circumstances of this case, the Court shares the Ninth Circuit's concerns about the limitations of email service.

Here, Plaintiff urges that "the traditional means of service of process are impracticable in this case because Defendant refuses to answer the door at its physical address." *See* Dkt. No. 13 at 5. However, Plaintiff has provided no assurance that email is reasonably calculated to provide Defendant notice and an opportunity to respond. *See Rio Properties*, 284 F.3d at 1017 ("[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."). To the contrary, Plaintiff explained that it received an email server notice that info@lawrankseo.com was not a functioning email address. Dkt. No. 13-1 at ¶ 6. And although Plaintiff sent a copy of the summons and complaint to sami649@gmail.com, Plaintiff does not appear to have received any response to date. Nor is there any evidence in the record that Defendant has conducted business through or otherwise used these email addresses. The Court understands Plaintiff's concern that Defendant may be evading service, but Plaintiff has not provided sufficient detail about the efforts it has taken to identify and serve Defendant in this case and why email would be any more successful.

### B. Early Discovery

Plaintiff also seeks to conduct early discovery through third-party subpoenas to Defendant's domain name registrar and website hosting provider. *See* Dkt. No. 13 at 6. A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (collecting cases). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Based on this record, however, the Court does not find good cause to allow early discovery. Plaintiff only explains at a high level what steps it took to locate and identify Defendant, and Plaintiff has provided no explanation why the proposed discovery is reasonably likely to lead to

information that will permit service of process.  The Court recognizes that some persistence and creativity may be required to effect personal service here, but that circumstance is hardly uncommon.  The Court notes, for example, that it is routine to retain private investigators to locate and serve parties.  *See, e.g.*, *United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *1 (N.D. Cal. Mar. 6, 2013).

**IV.    CONCLUSION**

Accordingly, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: 9/29/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge